GAJARSA, Circuit Judge,
concurring-in-part and dissenting-in-part,
with whom NEWMAN, Circuit Judge, joins.
I concur with the majority’s affirmance of the district court’s findings and conclusions in parts B, C, and D. I must, however, respectfully dissent from part A for the same reasons noted in my dissent in Micron Technology, Inc. v. Rambus, Inc., 645 F.3d 1311, 1332-35 (Fed.Cir.2011), the companion to this case. The majority here applies a rule for spoliation premised upon a reasonably foreseeable litigation standard that it contoured and developed in Micron, 645 F.3d at 1319-21. Seizing on the district court’s alleged grafting of an overly strict “gloss” on the reasonably foreseeable litigation standard, the majority claims that the district court erred as a matter of law by applying the wrong standard for spoliation. In so doing, the majority ignores the district court’s well-articulated understanding of the relevant Ninth Circuit law and its factual findings, which demonstrate that the district court applied the very standard that the majority now requires. The majority obtenebrates the facts presented in the district court’s opinion to resolve the conflict between the spoliation determinations in this case and in Micron.
Being a procedural matter, regional circuit law is applicable. Because the Supreme Court and the Ninth Circuit, like the Third Circuit, have not defined a standard for reasonably foreseeable litigation, this court may seek guidance from other circuits on the issue. See Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 875 (Fed.Cir.1985), overruled on other grounds by Nobelpharma AB v. Implant Innovations, Inc., 141 F.3d 1059 (Fed.Cir.1998). The majority applies the standard it crafted in Micron to this case. The newly established standard is coined as a “flexible one” — lacking an additional “gloss” that requires litigation to be “imminent, or probable without significant contingencies” to find spoliation. Micron, 645 F.3d at 1320 (citation omitted).
The majority created this standard in Micron with the intention of reconciling the district court’s spoliation determination in that case with the present one. The desires of an appellate tribunal, however, should not drive the outcome of decisions. Divergent district court opinions do not necessarily mean that the trial courts applied different “glosses” on a particular *1356 standard.[1] Rather, this court must review district court opinions with the applicable standard of appellate review, which, in this case, is clear error or an abuse of discretion. In refusing to do so, the majority shirks its duties and performs its own factual analysis. The majority castigates the district court here for using a narrower “gloss” on the standard for spoliation just as the majority in Micron castigates the district court for holding the asserted patents unenforceable as a sanction for spoliation.
The majority begins with the correct premise that the various regional circuits generally do not require that litigation be imminent for it to be reasonably foreseeable. See, e.g., Silvestri v. Gen. Motors Corp., 271 F.3d 583 (4th Cir.2001) (“Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another’s use as evidence in pending or reasonably foreseeable litigation.” (emphasis added)). But unlike the majority, I am of the judgment that the district court here applied the appropriate flexible reasonably foreseeable litigation standard. The district court explained that “[sjpoliation of evidence is the ... failure to properly preserve property for another’s use as evidence in pending or reasonably foreseeable litigation.” Hynix Semiconductor Inc. v. Rambus, Inc., 591 F.Supp.2d 1038, 1061 (N.D.Cal.2006) (“District Court Op.”) (emphasis added) (citations and internal quotation marks omitted). The district court also relies on Silvestri and Kronisch v. United States, 150 F.3d 112 (2d Cir.1998) — cases that the majority in Micron, 645 F.3d at 1320-21, cites in support of its flexible reasonably foreseeable litigation standard. Moreover, the district court here explicitly stated that “[a] reading of the court’s Findings and Conclusions ... shows that the court specifically framed the issues to be resolved using the ‘reasonably foreseeable’ standard.” See Hynix Semiconductor, Inc. v. Rambus Inc., No. 00-CV-20905, slip op. at 1-2 (N.D.Cal. Feb. 23, 2006) (D.I.1732).
The factual findings on which the district court relies also support the conclusion that it applied the reasonably foreseeable litigation standard the majority imposes. As the majority acknowledges, the district court specifically found that the existence of six contingencies meant that litigation was not reasonably foreseeable until late 1999. District Court Op., 591 F.Supp.2d at 1064. Those contingencies were:
(1) the direct RDRAM ramp had to be sufficiently developed so as not to jeopardize RDRAM production; (2) Ram-bus’s patents covering non-RDRAM technology had to issue; (3) product samples from potentially infringing DRAM manufacturers had to be available in the market; (4) the noneompatible products had to be reverse engineered and claim charts made showing coverage of the actual products; (5) Rambus’s board had to approve commencement of negotiations with a DRAM manufacturer; and (6) the tar *1357 geted DRAM manufacturer had to reject Rambus’s licensing terms.
Id. at 1062.
With respect to these contingencies, the district court determined that Rambus did not even “recommend[ ] initiating licensing negotiations” in the October 1998 presentation or even contemplate such negotiations until after early 1999, id. at 1062-63; that Rambus’ board had not even budgeted for litigation as of June 1999, id. at 1063; and that Rambus did not have an “expectation of involvement in litigation” greater than one of its competitor companies, id. These findings were not clearly erroneous based on the record before the district court.
Indeed, the majority claims that the district court “understood that these contingencies were reasonably foreseeable [but] determined that the litigation was not,” thus “reflecting] a mistaken view of the importance of these contingencies in determining the foreseeability of litigation.” Majority Op. at 1346. In other words, the majority reweighs the facts and decides that the district court’s understanding of them was erroneous because it would reach a different conclusion from the same facts. The district court, as the fact finder, is the proper forum for weighing and analyzing the facts. See Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Putting its thumb on the scales by reweighing the evidence to reach a desired result is not the proper function of an appellate court.
Moreover, in its well-drafted opinion, the district court does not conclude at any time that the facts as determined fail to meet a more stringent clear or imminent threat of litigation standard. Instead, the majority seizes upon the district court’s single use of the phrase “neither clear nor immediate” and concludes that the district court applied this standard. Majority Op. at 1345^17. The use of that phrase by the district court, however, is not to establish a standard but to distinguish the present facts from those in Silvestri, which the district court noted had “significant factual distinctions.” District Court Op., 591 F.Supp.2d at 1061-62. Namely, the plaintiff in Silvestri chose to destroy the only relevant piece of evidence — the car that was supposedly defective — after experts inspected the car and advised him to preserve the car. 271 F.3d at 591-92. In explaining that the present facts did not establish a clear or immediate path to litigation, the district court was simply differentiating these facts from those in Silvestri that it believed to be significantly more egregious. This does not indicate, as the majority claims, that the district court applied an admittedly heightened standard to the facts before it.
Therefore, after a careful review of the record, the majority’s conclusion that the district court applied the incorrect legal standard rings hollow. While pretending to premise its conclusions on the improper application of a legal standard, the majority improperly substitutes its own fact findings for those of the district court. A court of appeals cannot and should not make such a judgment. Because the majority’s actions go beyond the purview of the duties of an appellate court, I respectfully dissent.

. In fact, there is no need to reconcile these divergent district court opinions. As the district court explained,
The judicious application of issue preclusion rests on an assumption that a prior decision was more or less correct. Crawford v. Ranger Ins. Co., 653 F.2d 1248, 1252 (9th Cir.1981). This assumption is not warranted where inconsistent decisions have been reached; it instead suggests that the outcomes may have been based on equally reasonable resolutions of doubt as to the probative strength of the evidence. Id.
Hynix Semiconductor, Inc. v. Rambus, Inc., No. 00-CV20905, slip op. at 6, 2009 WL 292205 (N.D.Cal. Feb. 3, 2009) (D.I.3897) (internal citation and quotation marks omitted).